NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHYAM NATARAJAN, <br><br> Plaintiff, <br><br> v. <br><br> CLS BANK INTERNATIONAL and THE EVOLVERS GROUP, <br><br> Defendants | Civil Action No. 12-06479(CCC) <br><br><br> OPINION |

**CECCHI, District Judge:**

**I.    INTRODUCTION**

This matter comes before the Court by way of Defendant The Evolvers Group's ("Evolvers") motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). On October 15, 2012, Plaintiff filed a complaint alleging that Defendants CLS Bank International's ("CLS") and Evolvers violated the New Jersey Law Against Discrimination ("NJLAD"). (Complaint ("Compl.") ¶ 1). Submissions made in support of and in opposition to the instant motion have been considered by the Court.[1] The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the following reasons, Evolvers' motion is granted without prejudice.

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. Of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

## II. BACKGROUND

CLS is a company that engages in clearing, payment, and settlement services for participants in financial markets. (Compl. ¶ 7.) CLS was a client of Evolvers, a management and technology consulting firm, retained for the purpose of recruiting and hiring Information Technology specialists. (Compl. ¶ 16.) On August 7, 2012, Julie Edwards, an employee of Evolvers, e-mailed Plaintiff asking if he was interested in applying for a position at CLS. (Compl. ¶ 17.) Edwards attached an announcement for the position to the August 7 e-mail, which listed the qualifications required for the position as well as the following language: "Desirable: Please try and submit people other than just the typical indian [sic] H1-b visa guy that he sees all day long, he really needs diversity in the environment!!!" (Compl. ¶ 23.)

Plaintiff applied for the position at CLS through Evolvers on August 8, 2012. (Compl. ¶ 21.) On August 11, 2012, Plaintiff sent an e-mail inquiry to his contact at Evolvers regarding his application but received no response. (Compl. ¶¶ 24-25.) On August 30, 2012, Plaintiff e-mailed Evolvers and copied two CLS employees inquiring as to whether his resume had been submitted for the position in question. (Compl. ¶ 26.) One of those CLS employees, Matt Luongo, responded later that day and asked Plaintiff to submit his resume directly to Mr. Luongo. (Compl. ¶ 27.) Plaintiff sent another follow-up e-mail on September 10, 2012 but received no reply. (Compl. ¶¶ 28-29.) Plaintiff instituted this action on October 15, 2012, alleging that Defendants violated the NJLAD for failing to hire him based on his national origin. (Compl. ¶¶ 33-39.)

## III. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a Complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678.

## IV. DISCUSSION

Plaintiff's complaint asserts a claim against CLS and Evolvers for discriminatory failure to hire in violation of the NJLAD. Evolvers has moved to dismiss the complaint, arguing that Plaintiff did not state a prima facie case for failure to hire because he is not a member of a protected class, was not qualified for the position, and did not allege that the position was filled by either co-defendant. (Defendant Evolvers' Br. 4.)

In order to establish a prima facie case of discriminatory failure to hire under the NJLAD[2], a plaintiff must show "(i) that he belongs to a [protected category]; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." Id.

---

[2] The analysis developed by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), to be used in Title VII discrimination cases, is also used in claims of discrimination brought under the NJLAD and will be used by the Court in this Opinion. See Gaston v. State Dep't of Law & Pub. Safety, No. 05-cv-03006, 2008 U.S. Dist. LEXIS 13743, *27-28 (D.N.J. Feb. 21, 2008) (citing Esposito v. Twp. of Edison, 306 N.J. Super. 280, 703 A.2d 674 (App. Div. 1997); Maiorino v. Schering-Plough Corp., 302 N.J. Super. 323, 345, 695 A.2d 353 (App. Div.), certif. denied 152 N.J. 189, 704 A.2d 19 (1997) other citations omitted).

3

Under the first prong, the plaintiff must claim to be a member of a protected class or category, which includes an individual's "race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2 (2008). National origin discrimination includes, "but [is] not limited to, the denial of equal employment opportunit[ies] because of an individual's, or his or her ancestor's, place of origin; or because an individual has the physical, cultural or linguistic characteristics of a national origin group." 29 C.F.R. § 1606.1 (2008). Here, Plaintiff alleges that Evolvers discriminated against him because he is of Indian ancestry. (Compl. ¶ 15; Pl.'s Br. 3-4.) Evolvers has attempted to define this case as one of "citizenship," a category it alleges is not protected under the NJLAD. (Def.'s Br. 4-6.) However, the Court finds that Plaintiff's claim that he is of Indian ancestry is sufficient to satisfy the first prong of the Court's determination.

Next, Plaintiff is required to show that he "applied and was qualified for a job for which the employer was seeking applicants." Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). Here, Plaintiff claims that he was qualified for the position being advertised by CLS and Evolvers, as he has the appropriate professional experience. (Compl. ¶¶ 20, 22.) Evolvers argues that Plaintiff was not qualified for the position, because he had not worked with two programs, GWT and JAVA, which were required of an applicant for the position. (Def.'s Br. 6.) At this stage of litigation, the Court does not have access to Plaintiff's resume or employment history, but finds it plausible that Plaintiff has the requisite experience for the position at CLS.

Evolvers has further argued that CLS was looking for an applicant who has U.S. work authorization, not an H1-b visa, and that Plaintiff was unqualified due to his citizenship status. (Def.'s Br. 6.) In opposition, Plaintiff claims that his Green Card status gives him authorization to work in the United States and thus, to work in the position advertised by CLS and Evolvers. (Pl.'s Br. 2.) In fact, it appears that his Green Card status does provide Plaintiff with the right to

legally work in the United States at any job for which he is qualified. (See Rights and Responsibilities of a Green Card Holder, U.S. Citizenship and Immigration Services, http://www.uscis.gov/portal/site/uscis/ (follow "Green Card" hyperlink; then follow "Rights and Responsibilities of a Green Card Holder" hyperlink)). Thus, the Court finds that Plaintiff has sufficiently satisfied the second prong of the inquiry.

The third and fourth prongs require "that, despite his qualifications, [plaintiff] was rejected," and "that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." Fuentes, 32 F.3d at 763. Here, Plaintiff claims that Defendants failed to respond to his application or inquiries regarding the position. (Compl. ¶¶ 29-30.) Based on these allegations, the Court will assume that Plaintiff was rejected for the position. Plaintiff has not, however, alleged that the position at issue remained open, that CLS and Evolvers continued to seek applicants, or that the position was eventually filled. See McGowan v. New Jersey, No. 08-5841, 2009 U.S. Dist. LEXIS 50463 (D.N.J. June 16, 2009) (denying defendants' motion to dismiss where plaintiff alleged that "the employer discriminated against him by hiring less qualified, younger minorities"). Thus, Plaintiff has not pled any facts to support the fourth prong of the analysis.

Therefore, the Court finds that the facts alleged by Plaintiff do not sufficiently state a plausible claim of discriminatory failure to hire under the NJLAD. Accordingly, the Court grants Evolvers' motion to dismiss without prejudice.

V. **CONCLUSION**

For the foregoing reasons, Evolvers' motion to dismiss is granted. To the extent the deficiencies can be cured by way of amendment, Plaintiff is granted thirty days to file an Amended Complaint solely for purposes of amending his claim.

An appropriate Order accompanies this Opinion.

Dated: July 30, 2013

/s/ Claire C. Cecchi
HON. CLAIRE C. CECCHI
United States District Judge