NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SHYAM NATARAJAN,

    Plaintiff,

v.

CLS BANK INTERNATIONAL, and
THE EVOLVERS GROUP,

    Defendants

Civil Action No. 12-06479 (CCC)

OPINION & ORDER

---

**CECCHI, District Judge:**

**I.    INTRODUCTION**

This matter comes before the Court by way of Defendant CLS Bank International's ("CLS") motion to dismiss Plaintiff Shyam Natarajan's ("Plaintiff") amended complaint under Federal Rule of Civil Procedure 12(b)(6) [ECF No. 37] and Defendant The Evolvers Group's ("Evolvers") separate motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 32]. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. Based on the reasons set forth below, Defendants' motions to dismiss are denied.

**II.    BACKGROUND**

Plaintiff instituted this action on October 15, 2012, alleging that Defendants violated the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1 *et seq.*, for failing to hire

him based on his national origin. (Compl. ¶¶ 33-39.)[1] Evolvers filed a motion to dismiss on December 28, 2012, which the Court granted on July 30, 2013. Pursuant to the Court's July 30, 2013 Order, Plaintiff filed an amended complaint against Evolvers and CLS on August 19, 2013. CLS filed a motion to dismiss on February 28, 2013, which was later refiled on September 27, 2013 after the Court's dismissal of the original complaint, alleging that (1) CLS is not subject to the NJLAD because CLS is a New York company and Plaintiff's place of employment would have been in New York; (2) there is no agency relationship between CLS and Evolvers which would subject CLS to liability; and (3) CLS is entitled to attorneys' fees and costs. Evolvers filed a separate motion to dismiss the amended complaint on September 9, 2013, asserting that (1) Plaintiff still fails to allege an adequate claim under the NJLAD; and (2) Evolvers, like CLS, is not subject to the NJLAD because it does not do business in New Jersey nor is it a New Jersey corporation.[2]

## III.  LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the

---

[1] For a full recitation of the facts and procedural history, see this Court's July 30, 2013 opinion, Natarajan v. CLS Bank Int'l, No. 12-06479, 2013 U.S. Dist. LEXIS 106323 (D.N.J. July 30, 2013).
[2] Plaintiff also alleged a cause of action under the New Jersey Administrative Code, but subsequently withdrew this claim in his opposition brief. (Pl's Br. at 7, n.2). The Court therefore need not address this claim.

speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a Complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678.

## IV. DISCUSSION

### A. Failure to Hire

Evolvers argues that Plaintiff has not stated a prima facie case of failure to hire because his amended complaint contains bald and unsupported assertions and because he fails to plead the fourth and final prong of a failure to hire claim, that Defendants continued to seek out individuals with qualifications similar to Plaintiff's to fill the position. In response, Plaintiff asserts that he has adequately pled the fourth element of a failure to hire claim.

To state a claim for failure to hire under the NJLAD, Plaintiff must allege that 1) he belongs to a protected class; 2) he applied and was qualified for a position for which the employer was seeking applicants; 3) he was rejected despite being qualified for the position; and 4) after his rejection, the position remained open and Defendants continued to seek applications with qualifications similar to Plaintiff's. Grigoletti v. Ortho Pharmaceutical Corp., 118 N.J. 89, 97 (1990) (adopting the framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). A plaintiff alleging employment discrimination "need not plead a prima facie case of discrimination" but "need only plead facts sufficient to satisfy the notice pleading standard of Fed. R. Civ. P. 8(a)." McGowan v. New Jersey, No. 08-5841, 2009 U.S. Dist. LEXIS 50463, *16 (D.N.J. June 16, 2009). While Plaintiff must therefore plead facts sufficient to raise his right to relief above a speculative level, the elements of his claim need only be plausible. Id. at *16-18.

The Court finds that Plaintiff has adequately pled the fourth prong of a failure to hire claim.[3] Plaintiff alleges that "After rejecting Plaintiff's application for the Senior Java J2EE Developer position [the "position"], Defendants continued to seek out individuals with qualifications similar to Plaintiff." (Compl. ¶ 31.) He supports this assertion by alleging that, in response to an email Plaintiff sent to CLS employee Matt Luongo inquiring as to the status of his application, "Mr. Luongo informed Plaintiff [via email on August 30, 2012] that the position remained open, that Plaintiff's application had been rejected, and that applications were still being accepted for the job." (Compl. ¶ 27.) Plaintiff further alleges that Defendants filled the position to which he applied with an individual of a different national origin than his own. (Compl. ¶ 32.) This allegation, combined with the alleged job description stating that CLS desired someone "other than just the typical indian [sic] H1-b visa guy," is sufficient to make out a plausible claim of employment discrimination on the standards of a 12(b)(6) motion. (Compl. ¶ 23.) Thus, the Court finds that Plaintiff has adequately pled a failure to hire claim.

## B. Application of the NJLAD to Evolvers and CLS

In their motions to dismiss, Evolvers and CLS argue that they are not subject to the NJLAD because they are both located outside of New Jersey and because Plaintiff would have been employed in New York had he been hired for the developer position.[4] In support,

---

[3] The Court previously determined that Plaintiff adequately pled the first three elements of a failure to hire claim in his original complaint in its July 30, 2013 opinion, Natarajan v. CLS Bank Int'l, No. 12-06479, 2013 U.S. Dist. LEXIS 106323 (D.N.J. July 30, 2013). Because Plaintiff's amended complaint alleges substantially the same facts as the original complaint regarding the first three elements, the Court need not revisit its findings in relation to those aspects of the failure to hire claim.

[4] In its reply brief in further support of its motion to dismiss, Evolvers argues that Plaintiff's opposition brief reveals a lack of personal jurisdiction over Defendants. However, Fed. R. Civ. P. 12(h) states that the defense of personal jurisdiction is waived if not raised in a party's initial motion pursuant to Rule 12 as required by Fed. R. Civ. P. 12(g). See Myers v. Am. Dental Ass'n, 695 F.2d 716, 720 (3d Cir. 1982) ("If a party files a pre-answer motion but fails to raise

Defendants cite to several cases relating to workplace discrimination, in which courts have found that a company is only subject to the NJLAD for employment discrimination claims if the plaintiff was based in New Jersey during their employment with the company. See, e.g., Buccilli, 283 N.J. Super. 6, 11 (App. Div. 1995) (finding that the NJLAD did not apply where a New Jersey resident worked exclusively in Pennsylvania). Plaintiff counters, asserting that the line of cases to which Defendants cite is inapplicable because his claims relate to failure to hire and to a discriminatory job posting, rather than to a claim of discrimination after employment has commenced.

The Court agrees with Plaintiff that his claims are distinguishable from those alleged in the line of cases cited to by Defendants. Here, Plaintiff's claims arise not from his employment, but rather from the alleged failure of Evolvers/CLS to hire Plaintiff because he is Indian, and the alleged use of a discriminatory job posting. Defendants are correct that for the NJLAD "to be [applied] in a constitutionally permissible manner, [New Jersey] must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." Blakey v. Continental Airlines, Inc., 164 N.J. 38, 65

---

[the defense of personal jurisdiction], the party waives the omitted defense and cannot subsequently raise it in his answer or otherwise."); Summit Training Source, Inc. v. Mastery Technologies, Inc., No. 1:00-CV-127 WAM, 2000 WL 35442327, at *3 (W.D. Mich. June 1, 2000) (finding that "[t]he defendants' argument that the court lacks personal jurisdiction was clearly an afterthought, and they waived any objection by failing to raise it until they filed their reply brief in support of their motion to change venue"); Silver v. Countrywide Realty, Inc., 39 F.R.D. 596, 599 (S.D.N.Y. 1966) (finding that defendants waived the defense of personal jurisdiction by raising it for the first time in their reply memorandum). Furthermore, "[a] moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief." Ballas v. Tedesco, 41 F.Supp.2d 531, 533 n.2 (D.N.J.1999). See also Dana Transport, Inc. v. Ableco Finance, LLC, No. Civ. A. 04-2781, 2005 WL 20000152, at *6 (D.N.J. Aug. 17, 2005) (explaining that "arguments raised for the first time in defendant's reply brief will be disregarded"). Here, Evolvers raised the defense of lack of personal jurisdiction for the first time in its reply brief in support of its motion to dismiss for failure to state a claim, and provides no justification for doing so. Thus, the Court will not consider Evolver's argument regarding a lack of personal jurisdiction).

5

(2000) (quoting <u>Allstate Ins. Co. v. Hague</u>, 449 U.S. 302, 312-13 (1981)); <u>see also</u> <u>D'Agostino v. Johnson & Johnson, Inc.</u>, 133 N.J. 516, 539 (1993). However, the relevant inquiry in this case is not simply where Plaintiff would have been employed had he been hired for the position, but rather whether Defendants' actions in relation to their alleged failure to hire and use of a discriminatory job posting were sufficiently connected to New Jersey. <u>See</u> <u>Bowers v. National Collegiate Athletic Ass'n</u>, 151 F. Supp. 2d 526, 532 (D.N.J. 2001) (noting in the context of a public accommodation discrimination claim "that a proper consideration to determine the applicability of the NJLAD is whether the alleged discriminatory behavior 'was expected or intended to cause injury in New Jersey'") (quoting <u>Blakey</u>, 164 N.J. at 67).

The Court finds that, at this stage of the proceedings, there are insufficient grounds on which to conclusively hold that Defendants are not subject to the NJLAD for their allegedly discriminatory job posting and for their failure to hire Plaintiff. Plaintiff has alleged that Julie Edwards, an employee of Evolvers Group, sent an e-mail message to Plaintiff asking him to apply for the Senior Java J2EE Developer position for CLS and attaching an announcement containing the allegedly discriminatory language. (Compl. ¶¶ 17-18, 23.) As Plaintiff asserts in his opposition brief, "CLS Bank and Evolvers knowingly and voluntarily reached out to jobseekers – such as Plaintiff – in New Jersey" and "caused to be circulated *within New Jersey* a facially discriminatory job posting." (Pl's Br. at 6.) Such actions, if shown to be true, would certainly have been expected or intended to cause injury in New Jersey, and are distinguishable from the actions of an employer firing or discriminating against an employee who was actually employed in its offices outside of New Jersey. As "[a]n out-of-state defendant may be held liable under the NJLAD if New Jersey's contacts to the factual scenario are sufficient," <u>McGovern v. Southwest Airlines</u>, No. 12-3579, 2013 U.S. Dist. LEXIS 3095, *4-5 (D.N.J. Jan.

8, 2013), it remains to be determined through discovery whether sufficient contacts exist between Defendants and New Jersey in relation to the failure to hire and discriminatory job posting claims. Accordingly, the Court declines to hold that Evolvers and CLS are not subject to the NJLAD at this stage of the proceedings.

### C. Agency Relationship Between Evolvers and CLS

CLS also argues that Plaintiff's claims against CLS should be dismissed because CLS and Evolvers do not have an agency relationship such that CLS can be held liable for the actions of one of Evolvers' employees. In opposition, Plaintiff contends that Evolvers contacted him and requested that he submit his resume for a position with CLS, clearly indicating that CLS and Evolvers had an existing relationship. In his Complaint, Plaintiff asserts that CLS "retained the services of [Evolvers] for the purposes of recruiting and hiring Information Technology specialists." (Compl. ¶ 16.)

An "agency relationship is created when one person (a principal) manifests assent to another person (an agent) that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Beth Schiffer Fine Photographic Arts, Inc. v. Colex Imaging, Inc., No. 10-05321, 2012 U.S. Dist. LEXIS 36695, at *9 (D.N.J. Mar. 19, 2012) (quoting N.J. Lawyers' Fund for Client Prot. v. Stewart Title Guar. Co., 203 N.J. 208, 1 A.3d 632, 639 (N.J. 2010)). "An agent acts under actual authority 'when, at the time of taking the action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act.'" Id. (quoting N.J. Lawyers' Fund for Client Prot., 1 A.3d at 639). An agent may have actual authority, which is expressly given by the principal, or it may have implied authority, which is inferred "from the specific circumstances of the principal's

relationship with the agent based on 'the nature or extent of the function to be performed, the general course of conducting the business, or from particular circumstances in the case.'" Id. (quoting Sears Mortg. Corp. v. Rose, 134 N.J. 326, 634 A.2d 74, 79 (N.J. 1993)). In order to determine if an agency relationship exists, the court must rely on the facts and not on any single statement defining the relationship. Id.

Plaintiff has put forth sufficient facts from which it can be inferred that an agency relationship existed between Evolvers and CLS, such that dismissal at this stage of the proceedings would be premature. Plaintiff alleges that he received an email from Julie Edwards, an employee of Evolvers, asking Plaintiff to apply for a position with CLS and holding Evolvers out as working on behalf of CLS. Further, Plaintiff alleges that Matt Luongo, an agent and employee of CLS, responded to an email sent to him by Plaintiff, informing Plaintiff that his application (which Plaintiff alleges that he sent through Evolvers) had been rejected. Further, Plaintiff alleges that CLS was a client of Evolvers and that CLS retained Evolvers' services for the purposes of recruiting and hiring Information Technology specialists. Drawing all inferences in favor of the Plaintiff, it can be reasonably concluded that Mr. Luongo, on behalf of CLS, represented to Plaintiff that Evolvers had authority to recruit and hire for the developer position on CLS's behalf, and/or that an actual agency relationship existed between the two companies.

Further, CLS's argument that a later email from Evolvers, which it attaches as an exhibit to its motion to dismiss, stating that "the solicitation [for the Senior Java J2EE Developer announcement] was for [a] different client, not CLS Bank" (Zatuchni Cert, Ex. A.) conclusively establishes that Evolvers was not CLS's agent is inapposite. In considering a Rule 12(b)(6) motion to dismiss, a court generally relies on "the complaint, attached exhibits, and matters of public record." Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). Should the Court

choose to consider matters presented by the parties outside the pleadings, it must deny the motion to dismiss or convert the motion into one for summary judgment under Rule 56 and allow all parties "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d); Sands, 502 F.3d at 268, n.3; Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989). It is not yet clear that an agency relationship does in fact exist. However, in order to resolve the present dispute between the parties regarding the existence of an agency relationship between Evolvers and CLS, the Court will need to consider matters beyond the pleadings, including the emails submitted in the Zatuchni Certification. The Court declines to convert this motion into one for summary judgment and instead denies the motion to dismiss. See N.H. Ins. Co. v. Dielectric Commc'ns, Inc., 872 F. Supp. 2d 458, 465 (E.D. Pa. 2012) (denying a motion to dismiss based on the need for discovery).

### D. Attorneys' Fees

CLS requests attorneys' fees pursuant to N.J.S.A. § 10:5-27.1, which states that "[i]n any action or proceeding brought under [the NJLAD], the prevailing party may be awarded a reasonable attorney's fee as part of the cost" if there is a determination that the complainant brought the charge in bad faith. However, given that questions of law and fact remain in this suit such that no party has yet prevailed in the action, the Court finds that a determination as to whether to award attorney's fees would be inappropriate at this stage of the proceedings.

Accordingly,

**IT IS** on this 30th day of April, 2014,

**ORDERED** that Defendants' motions to dismiss are denied.

**SO ORDERED.**

**CLAIRE C. CECCHI, U.S.D.J.**

9